IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LUIS SALINAS, | |
| Plaintiff, | |
| vs. | |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, SEAN M. O'BRIEN, METRO BY T-MOBILE CORPORATE OFFICE, PORTLAND INTERNETWORKS, UNIONS-AMERICA.COM, ANDREA J. WILKES, Regional Director; NATIONAL LABOR RELATIONS BOARD, Region 14; U.S. DEPARTMENT OF LABOR'S OFFICE OF INSPECTOR GENERAL, U.S. DEPARTMENT OF LABOR, OFFICE OF LABOR MANAGEMENT STANDARDS, U.S. DEPARTMENT OF JUSTICE, Criminal Division, Public Integrity Section; MARKWAYNE MULLINS, Senator, of the United States Senate; and BERNIE SANDERS, Senator; | **8:24CV357**<br><br>**MEMORANDUM AND ORDER** |
| Defendants. | |

This matter is before the Court on Plaintiff Luis Salinas' Complaint filed on September 10, 2024. Filing No. 1. Plaintiff is a non-prisoner, is not represented by counsel, and proceeds in this forum in forma pauperis. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

# I. SUMMARY OF COMPLAINT

Plaintiff has sued the International Brotherhood of Teamsters (Teamsters); Sean M. O'Brien; Metro by T-Mobile Corporate Office; Portland InternetWorks; Unions-America.Com; Andrea J. Wilkes, Regional Director, National Labor Relations Board (NLRB), Region 14; U.S. Department of Labor's Office of Inspector General; U.S. Department of Labor, Office of Labor Management Standards; U.S. Department of Justice, Criminal Division, Public Integrity Section; Senator Markwayne Mullins; and Senator Bernie Sanders. Plaintiff alleges the following as his "Statement of Claim":

Plaintiff is a member or legacy member of the Teamsters. Filing No. 1 at 18. He is disabled and asserts that he and other disabled Teamsters members are not afforded the full protection of Teamsters membership. Filing No. 1 at 19. He filed this lawsuit "on behalf of himself, other (former) employees, and all organized labor, . . . against the Teamsters here on the public record, not just to become whole, but get to the truth of the matter for all to see and prevent irreparable harm." Filing No. 1 at 14-15.

Plaintiff alleges Teamsters has failed to honor two contracts with Plaintiff, including a registered Collective Bargaining Agreement (CBA) guaranteeing provisions favorable to the disabled. Filing No. 1 at 18.

On or about November 14, 2023, a Teamsters representative spoke with the Local 554 Union Representative concerning blatant violations and unilateral changes to the CBA which denied workers their contractual rights, and had a disparate impact on disabled employees, as well as those of protected characteristics. Filing No. 1 at 6. While the Teamsters, not its individual members, have the duty to defend against unilateral changes to the CBA, Teamsters breached its fiduciary duty to the members, concluding it would not fight the changes due to the small number of employees impacted and its own

2

demonstrated animus against the disabled and other vulnerable groups. Filing No. 1 at 6-7. Instead, Teamsters worked on behalf of the employer to undermine the rights of workers and ignore violations to the CBA at the workers' expense. Filing No. 1 at 7. The ongoing violations of and unilateral changes to the CBA continue to this day. Filing No. 1 at 6.

On June 23, 2024, Teamsters was given an opportunity to rectify these issues. Filing No. 1 at 9. On June 27, 2024, Teamsters stated to the NLRB and Plaintiff that it was ready to give a statement regarding the matter concerning unilateral changes to the CBA. But on June 28, 2024, it announced it was not ready to provide a statement and told employees not to speak directly with the NLRB. Filing No. 1 at 9-10.

Teamsters was confronted again on July 13, 2024, regarding its intent to oppose unilateral changes to the CBA. Filing No. 1 at 10. Two days later, at the Republic National Convention, Teamsters stated it would respond to individual grievances, but it did not intend to oppose unilateral changes to the CBA. Filing No. 1 at 12.

Despite repeated communications with Teamsters Local 554, the ongoing issues have not been resolved, and Teamsters has engaged in actions that misrepresent the rights and remedies available to Plaintiff and other members. Filing No. 1 at 19. Attempts to enforce union membership rights were deflected with no response, and those in Local 554 acted to serve themselves and their personal interests rather than the workers. Filing No. 1 at 14, 17, 19. So, having exhausted all possibilities with his Local 554, Plaintiff initiated this litigation rather than making further attempts to resolve the matter through his local union representative. Filing No. 1 at 17, 21.

On several occasions, Teamsters Local 554 has made false statements regarding the existence and handling of complaints and grievances. Filing No.

1 at 23. On June 27, 2024, a union representative from Teamsters Local 554 falsely claimed in writing that May 27, 2023, was the first date the union was notified of a disability-related issue. Filing No. 1 at 23. Local 554 has misinformed members that a direct NLRB complaint will not resolve the issue of unilateral changes to the CBA. Filing No. 1 at 24. Instead of addressing ongoing CBA violations, Local 554 meetings focus on allegations of gender, disability, and national origin discrimination, thereby creating divisions among the membership. Filing No. 1 at 24-25.

Plaintiff alleges Teamsters has violated Section 504 of the Rehabilitation Act by denying access and reasonable accommodations to disabled members, 42 U.S.C. § 1981, 42 U.S.C. § 1983, the Consumer Protection Act, and RICO. Filing No. 1 at 22. He alleges Local 554 has made material misrepresentations to its members and has acted in bad faith in failing to perform its contractual duties. Filing No. 1 at 25.

Plaintiff alleges that he and other union members (especially the disabled and national origin members) "will suffer irreparable harm if the Teamsters, or at least Local 554, are allowed to continue their discriminatory, access-denying, and fraudulent practices, including the denial of rights under the CBA and verbal contracts," Filing No. 1 at 26, created on or about October 3, 2023, November 14, 2023, and other dates, Filing No. 1 at 19. Many union members (especially the disabled) rely on these contract rights due to work limitations. Filing No. 1 at 26. Plaintiff requests a "preliminary (and permanent) injunction, restraining order, writ of mandamus," and to be made whole as authorized under the law. Filing No. 1 at 29. He asks the Court to enter an injunction which orders:

- compliance with the Americans with Disabilities Act (ADA) and Rehabilitation Act, and cessation of conduct which systemically disenfranchises disabled members;

- creation and implementation of a specific action plan to address unilateral changes to the CBA;

- preservation of records;

- accurate representations to the union members on rights and remedies available under the NLRA or through the NLRB;

- cessation of communications and activities focused on addressing discrimination based on gender, national origin, or sexual harassment;

- creation and publication of an ongoing listing of CBA contracts that the union has actually worked to enforce;

- truthful reporting of events and the availability of records;

- production of written statements of submissions and events with the NLRB;

- a public acknowledgement of the right to file complaints with the NLRB;

- cessation of retaliation against members who act to enforce their legal rights;

- requiring Teamsters to handle complaints rather than foisting that responsibility on individual members;

- video recording of all discussions between Local 554 and the employer over unresolved issues with enforcement of the CBA;

- prohibiting disclosure of members' personal information, including information protected from disclosure under HIPAA[1] and the ADA; and

- restraining the collection of dues, acceptance of new members, and orientations at union shops where Teamsters do not uphold the CBA.

Filing No. 1 at 29-34.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

---

[1] HIPAA refers to the Health Insurance Portability and Accountability Act, 42 U.S.C. §§ 1320d to 1320d-9.

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. DISCUSSION

Plaintiff's complaint states Plaintiff filed this lawsuit for himself and others. The complaint names defendants who are not mentioned in the substance of the complaint or are not alleged to have done anything wrong. Plaintiff has not explained how he, personally, has been impacted by the alleged violations outlined in his complaint. And he has not alleged facts supporting all elements of the claims for which he seeks recovery.

For all the foregoing reasons, Plaintiff's complaint is subject to dismissal. However, the Court will grant Plaintiff an opportunity to file an amended complaint. To assist in that endeavor, the Court provides the following explanation of its ruling.

## A. Representation of Others

Plaintiff is not an attorney. He can file a lawsuit on his own behalf, but a non-attorney litigant may not represent someone else in federal court. *Chatman v. Omaha Hous. Auth.*, 2025 WL 1827309, at *1 (D. Neb. July 2, 2025). So, Plaintiff cannot pursue this case against Teamsters "on behalf of . . . other (former) employees, and all organized labor." Filing No. 1 at 14.

**B. Named Defendants with No Allegations**

Although named as defendants, the following are not mentioned in the body of Plaintiff's complaint: Metro by T-Mobile Corporate Office; Portland InternetWorks; Unions-America.Com; U.S. Department of Labor's Office of Inspector General; U.S. Department of Labor, Office of Labor Management Standards; and U.S. Department of Justice, Criminal Division, Public Integrity Section. In addition, Plaintiff names Sean M. O'Brien; Andrea J. Wilkes, Regional Director, National Labor Relations Board, Region 14; Senator Markwayne Mullins; and Senator Bernie Sanders as defendants and mentions them in the body of his complaint, but he has raised no allegations of misconduct against them.

When filing a lawsuit, persons and entities cannot be properly named as defendants if they did nothing wrong and/or did not cause any harm to the plaintiff. Unless Plaintiff can allege, in good faith, that they violated statutes or common law resulting in harm to Plaintiff, the persons or entities are not properly named as defendants.

**C. Standing to Sue**

Under Article III of the Constitution, a federal court cannot preside over a lawsuit if there is no case or controversy to resolve. For there to be a case or controversy under Article III, "the plaintiff must have a 'personal stake' in the case—in other words, standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Raines v. Byrd*, 521 U.S. 811, 819 (1997)). A plaintiff suing in federal court must allege "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id*.

Based on a thorough review of Plaintiff's complaint, he has not alleged how he, personally, was negatively impacted by the actions or inactions of Teamsters. So, his complaint as currently written does not plead a case or controversy over which this Court can exercise jurisdiction.

## D. Failure to State a Claim

Plaintiff's complaint states Teamsters violated Section 504 of the Rehabilitation Act, 42 U.S.C. § 1981, 42 U.S.C. § 1983, the Consumer Protection Act, and RICO, and that Local 554 (which is not named as a defendant) made material misrepresentations, breached its contract with members, and did so in bad faith. Plaintiff's complaint contains many conclusory statements and opinions, but in addition to not alleging Plaintiff was injured or harmed, the complaint does not allege facts to support a claim that the cited statutes or common laws were violated, or any theory of recovery under the law.

To state a claim for violation of Section 504 of the Rehabilitation Act in an employment law case, Plaintiff must allege facts showing (1) that he was disabled; (2) that he was qualified to do the essential job function with or without reasonable accommodation; and (3) that he suffered an adverse action due to his disability. *Dick v. Dickinson State Univ.*, 826 F.3d 1054, 1059 (8th Cir. 2016). Of these, Plaintiff has alleged only that he is disabled.

To plead a claim under 42 U.S.C. § 1981, Plaintiff must allege that "but for race, [he] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 589 U.S. 327, 341 (2020). Plaintiff's complaint contains no factual allegations supporting this claim.

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege "the conduct complained of was committed by a person acting under color of state

9

law," and this conduct deprived him of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). Additional allegations may be required, depending on the federal law or constitutional provision at issue. Plaintiff's complaint does not allege that any defendant, as a state actor, caused him harm.

To plead a claim for recovery under the Nebraska Consumer Protection Act (NCPA), Neb. Rev. Stat. § 59-1602 *et seq.*, Plaintiff must allege facts showing: "(1) [the defendant] engaged in an act or practice that constitutes an unfair method of competition or a deceptive trade practice in the conduct of any trade or commerce; (2) [the defendant's] conduct affected the public interest; (3) [the plaintiff] was injured in its business or property by [the defendant's] unfair method of competition or deceptive trade practice; and (4) damages." *WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1042 (8th Cir. 2011) (internal quotation marks omitted). Plaintiff has not alleged facts supporting any of the elements of a NCPA claim.

To state a civil RICO claim, Plaintiff must allege facts showing the defendants engaged in "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *H & Q Properties, Inc. v. Doll*, 793 F.3d 852, 855–56 (8th Cir. 2015) (internal quotation marks omitted). Plaintiff has failed to allege facts supporting any of these elements.

To state a misrepresentation claim, Plaintiff must allege facts showing "(1) that a representation was made; (2) that the representation was false; (3) that when made, the representation was known to be false, or made recklessly or negligently; (4) that it was made with the intention that it should be relied upon; (5) that the party did so rely; and (6) that he or she suffered damages as a result." *Nelson v. Wardyn*, 820 N.W.2d 82, 87 (Neb. Ct. App. 2012). Plaintiff

10

has alleged that false statements were made, but he has not alleged that he relied on those statements to his detriment.

To state a breach of contract claim, "a plaintiff must plead and prove the existence of a promise, its breach, damage, and compliance with any conditions precedent that actuate the defendant's duty." *Van Valkenburg v. Liberty Lodge No. 300 A.F. & A.M.*, 619 N.W.2d 604, 607 (Neb. Ct. App. 2000). Plaintiff has alleged that a promise was made; in this case, embodied in the CBA. But he has not alleged the language of the clauses within the CBA at issue in this case, or that those specific clauses were violated causing him damage. He has not alleged whether the contract contained steps he needed to perform before Teamsters was required to act, and whether he performed them.

To state a claim for bad faith, a plaintiff must allege (1) an absence of a reasonable basis for failing to comply with obligations under the contract, in this case, the CBA; and (2) the defendant's knowledge or reckless disregard of the lack of a reasonable basis for failing to perform the contract. *Fo Ge Investments LLC v. First American Title*, 935 N.W.2d 245, 252 (Neb. Ct. App. 2019). Plaintiff has not specifically alleged what obligations under the contract were breached and has failed to allege the elements of this claim.

**E. Subpoena Request**

Pages 34 through 41 of Plaintiff's complaint provides a list of the documents Plaintiff demands the defendants to produce by subpoena. A subpoena is one method of "discovery;" a means of obtaining information from the opposing party or others. Except in rare circumstances, the federal court does not permit discovery to be served with the complaint. In federal court, the discovery phase of the lawsuit does not typically begin until after the defendant is aware of the lawsuit and given an opportunity to file an answer or other response to the complaint.

The purpose of a complaint is to notify the defendants that they are being sued, with an explanation of what each defendant allegedly did wrong, the harm each defendant's wrongful actions or inactions caused to the plaintiff, and what the plaintiff now wants the defendants to pay or do going forward. Under federal law, discovery requests are not properly included within, or attached to, the complaint.

## IV. ADMONITION

Plaintiff is warned that he must allege <u>facts</u>; if he simply copies the elements of the claims as outlined in this memorandum and order, this case will be dismissed. Plaintiff must allege, specifically, what happened, when it happened, who did it, the specific contract terms that were violated (reciting the terms in the complaint), and how he was harmed as a result. Plaintiff must allege when, as applied to <u>his</u> harm, the contract was breached or misstatements were made. Conclusory allegations will be disregarded, as will Plaintiff's personal opinions regarding the motives others had for their actions or inactions.

Plaintiff is also advised that if he is attempting to plead fraud or misrepresentation, he must plead, with particularity, what was said or written, who made the statement, to whom it was made, and when the statement was made. And Plaintiff is reminded that misstatements by others that caused no harm to <u>him</u> (e.g. by senators or by speakers at a political convention) cannot form a basis for a claim.

Finally, the Court will look at the facts pleaded and decide if they state a claim under any legal theory. So, it is important to plead facts—tell the story of what happened. If the facts as they apply to Plaintiff are laid out clearly, the Court may recognize the basis for a claim under a legal theory Plaintiff has not identified in his complaint.

## V. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff has failed to state a claim against any of the defendants. But rather than dismiss the case, the Court will allow Plaintiff to file an amended complaint.

Accordingly,

IT IS ORDERED

1. Plaintiff shall have until **September 25, 2025**, to file an amended complaint. Plaintiff must state facts supporting his claim, including what each defendant did to him, when it was done, how it was done, and how that specific defendant's actions or inactions harmed him. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

2. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event he files an amended complaint.

3. The Clerk of Court is directed to set a pro se case management deadline using the following text: "**September 25, 2025**: check for amended complaint."

4. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 26th day of August, 2025.

BY THE COURT:

_____

John M. Gerrard
Senior United States District Judge